IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TRE'VON ANTHONY WOODARDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:24-CV-00066-H-BU |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Previously, this Court granted Plaintiff Tre'von Anthony Woodards leave to proceed in forma pauperis, which subjects his claims to judicial screening under 28 U.S.C. § 1915. Dkt. No. 7. The Court ordered Woodards to develop his claims through his responses to the Court's questionnaire. Dkt. No. 9. Woodards's responses were due June 10, 2024, and as of the date of these Findings, Conclusions, and Recommendations the Court has yet to receive them. For the reasons below, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Woodards's claims under Federal Rule of Civil Procedure 41(b).

### I.  LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## II.  ANALYSIS

Woodards's failure to respond to the Court's questionnaire demonstrates his failure to prosecute his claims. Relatedly, his inaction violates this Court's order that he respond to the questionnaire by June 10, 2024. Because there is no indication that Woodards failed to receive a copy of the Court's order, the undersigned finds no justification for his inaction. At the same time, the undersigned has no basis to believe that Woodards's failures to prosecute and comply with a court order stem from some improper motive such as malice or purposeful delay. Thus, the undersigned recommends that any dismissal be without prejudice.

## III.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Woodards's claims under Federal Rule of Civil Procedure 41(b).

## IV.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Find-

ings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 18th day of June 2024.

 

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE