UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

TRE'VON ANTHONY WOODARDS,

    Plaintiff,

v.

    No. 1:24-CV-066-H-BU

UNITED STATES OF AMERICA,

    Defendant.

### ORDER

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) due to the plaintiff's failure to prosecute and comply with Court Orders. Dkt. No. 10. For the reasons that follow, the Court adopts the FCR and dismisses the plaintiff's claims without prejudice.

Among other things, the FCR noted that the Court had previously ordered the plaintiff to respond to a questionnaire to clarify his claims because his original complaint was entirely illegible. *Id.*; *see* Dkt. Nos. 1; 9. The plaintiff failed to respond to that questionnaire, leaving the Court unable to decipher any basis for this civil action. *See* Dkt. No. 9. No objections to the FCR were filed.

Instead, the plaintiff filed a "motion to schedule hearing," which is as unclear as his original complaint. *See* Dkt. No. 11; *see also* Dkt. No. 1. It does not directly address the Magistrate Judge's findings or identify any particular errors. *See* Dkt. No. 11. In sum, this filing includes more illegible handwriting by the plaintiff, the case caption, and the following typewritten words:

    Title

> Personal, Bond, RFX-9
>
> Civil Complaint
>
> 18 Title USC 241-250
>
> "Probation", civil rights violation.
>
> Claim upon relief may be granted: Treasury.

*Id.* at 1 (emphasis omitted). The motion also identifies "Brett Rose," an auditor for the Community Supervision & Corrections Department of Taylor, Callahan, and Coleman Counties, as the defendant, rather than the United States, as named in his complaint. *Id.*; Dkt. No. 11-1; *cf.* Dkt. No. 1.

An objecting party "must specifically identify those findings objected to," and a district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the FCR. Even though the plaintiff has filed a motion for a hearing, he has failed to correct the identified deficiencies in his complaint or otherwise address the Magistrate Judge's conclusion that he failed to comply with Court Orders.

And even if the Court were to construe his reference to 18 U.S.C. §§ 241–50 as trying to identify the basis for his claims to now comply with the Court's prior Orders, this only further justifies dismissal. These statutes are criminal statutes related to violations of civil rights. *See generally* 18 U.S.C. §§ 241–50. "It is well established that generally there is no

private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal." *Ennis Transp. Co. v. Richter*, No. 3:08-CV-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009); *see also Johnson v. Fed. Bureau of Investigation*, No. H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) ("Sections 241, 242, and 245 of the United States Code [T]itle 18 do not provide a private cause of action."). To the extent the plaintiff is now trying to assert these Title 18 claims against Brett Rose, the Court lacks subject-matter jurisdiction over them. It is all the more problematic if the plaintiff is attempting to assert Title 18 claims against the named defendant in this case, the United States of America. The Court knows of no basis for a private citizen to bring a civil action against the United States for violating these provisions of Title 18, and the plaintiff identifies none.

Accordingly, the plaintiff's claims against the defendant are dismissed without prejudice for want of prosecution and failure to comply with Court Orders and, in the alternative, for lack of subject-matter jurisdiction.

So ordered on July 17, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE